NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 2 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

MARIA CARMONA-SANCHEZ; et al.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-6132

Agency Nos.
A201-998-718
A201-998-719
A201-998-720
A201-998-721

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2025[**]

Before:  PAEZ, CHRISTEN, and KOH, Circuit Judges.

Maria Carmona-Sanchez and her family, natives and citizens of Mexico,

petition for review of the Board of Immigration Appeals' ("BIA") order dismissing

their appeal from an immigration judge's decision denying their applications for

asylum, withholding of removal, and protection under the Convention Against

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument, and the joint motion (Docket Entry No. 27) to submit the case on the briefs is granted. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").

Substantial evidence supports the agency's determination that petitioners failed to show they were or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Because there was no showing of any nexus to a protected ground, petitioners' asylum and withholding of removal claims both fail. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017).

We do not address the remaining contentions as to asylum and withholding of removal because the BIA did not rely on those grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Substantial evidence also supports the agency's denial of CAT protection because petitioners failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

To the extent petitioners raise a new particular social group, it is not properly before the court because petitioners did not raise it before the BIA. *See*

8 U.S.C. § 1252(d)(1) (administrative remedies must be exhausted); *see also*

*Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is not

jurisdictional).

We do not consider the materials petitioners reference in the opening brief

that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-

64 (9th Cir. 1996) (en banc).

The motion (Docket Entry No. 26) to lift the temporary stay of removal is

denied. The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**